DATE FILED: February 28, 2023 9:40 AM
FILING ID: C5889B707BF8E
CASE NUMBER: 2023CV30626

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO<br><br>1437 Bannock Street,<br>Denver, CO 80202 | |
| **Plaintiff:** MARIA LUCERO,<br><br>v.<br><br>**Defendant:** LIBERTY MUTUAL INSURANCE COMPANY. | ▲ Court Use Only ▲ |
| *Counsel for Plaintiff:*<br>Jordan S. Levine, No. 23877<br>Andrew J. Phillips, No. 40283<br>Sarah G. Freedman, No. 48356<br>Elizabeth R. Fisher, No. 51093<br>4500 Cherry Creek Drive South, Suite 400<br>Denver, CO  80246<br>Phone Number: (303) 333-8000<br>Fax Number:    (303) 595-5338<br>Emails:        jordan@levlawllc.com<br>            andrew@levlawllc.com<br>            sarah@levlawllc.com<br>            elizabeth@levlawllc.com | Case No.: 23-CV-<br><br>Courtroom: |
| **COMPLAINT AND JURY DEMAND** | |

**COMES NOW** Plaintiff, Maria Lucero, by and through her counsel, Levine Law, LLC, and for her Complaint against Defendant, Liberty Mutual  Automobile Insurance Company, states and alleges as follows:

## GENERAL ALLEGATIONS

1.      Plaintiff, Maria Lucero, (hereinafter "Plaintiff" and/or "Plaintiff Lucero") is a named insured under a policy of automobile insurance with Defendant Liberty Mutual Automobile Insurance Company, Policy No. 201-0110-1301-06R.  Said insurance policy calls for $250,000.00 in Underinsured Motorist Coverage.

2.    At all times relevant hereto, Plaintiff, Maria Lucero, resided at 5563 Raritan Way, Denver, Colorado 80021

3.    Defendant Liberty Mutual Insurance Company (hereinafter "Defendant" and/or "Defendant Liberty Mutual "), is a foreign Massachusetts corporation, authorized to do business in the State of Colorado, with its principal place of business located at 1900 Berkley Street, Boston Massachusetts 02116.

4.    Venue is proper in this Court pursuant to C.R.C.P. 98(c)(1).

5.    On December 10, 2019, Plaintiff was a restrained driver in her 2002 Chevrolet Silverado and was traveling northbound on Pecos Street.  At that same time and place, Nicholas Wright was driving a 2015 Hyundai Veloster, traveling southbound.  Mr. Wright proceeded to make a left turn onto the eastbound CO.76 ramp, taking the right of way from Plaintiff, causing his vehicle to collide with Plaintiff's vehicle.

6.    As a result of the collision, Plaintiff sustained injuries including, but not limited to: cervical sprain, lumbar pain, sacroiliac sprain, leg pain, arm pain, muscle spasms,  pain, suffering, loss of enjoyment of life and emotional distress.

7.    Plaintiff promptly notified Defendant Liberty Mutual  of the accident.

8.    As a direct and approximate result of Nicholas Wright's negligence and carelessness, Plaintiff has been forced to incur medical bills and will continue to incur additional medical bills in the future.

9.    As a direct and approximate result of Nicholas Wright's negligence and carelessness, Plaintiff has sustained physical impairment.

10.    As a direct and approximate result of Nicholas Wright's negligence and carelessness, Plaintiff has sustained and will sustain future loss of earnings and loss of earning capacity.

11.    As a direct and proximate result of Nicholas Wright's negligence and carelessness, Plaintiff has sustained and will continue to sustain in the future permanent impairment.

12.    On or about July 29, 2022, Plaintiff settled her claims with Nicholas Wright for policy limits of $25,000.00 which constituted full settlement of Plaintiff's claims against Nicholas Wright arising from the May 5, 2016, automobile accident.

13.    Defendant gave Plaintiff permission to settle her claim against Nicholas Wright for the $25,000.00 policy limits.

14.     At all times relevant to this action, Plaintiff was covered under an underinsured motorist insurance policy issued by Defendant, policy number AOS-298-680250-40, that provided underinsured motorist benefits pursuant to C.R.S. 10-4-609(4) (2007) in the amount of $100,000.00.

15.     At all times relevant hereto and at the time of the accident, all of the premiums with Defendant Liberty Mutual were paid and were/are current.  The subject insurance policy was in full force and effect at this time of the accident.

16.     Upon information and belief, there are no mandatory arbitration provision(s) contained in the insurance policy with Defendant Liberty Mutual Insurance Company.

17.     Plaintiff and Defendant have been unable to resolve Plaintiff's Underinsured Motorist Claims.

18.     Defendant Liberty Mutual  is a for profit insurance company actively doing business in the State of Colorado, including in the City and County of Denver.

19.     This court has jurisdiction over the subject matter of this action and the parties hereto and venue is proper in the City and County of Denver, State of Colorado as the place where Defendant Liberty Mutual  conducts business.

20.     Subject matter jurisdiction is proper in this Court as the probable amount of recovery exceeds the county court limitation pursuant to the Colorado Revised Statutes.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

21.     Plaintiff incorporates paragraphs 1 through 20 above as though fully set forth herein.

22.     Plaintiff has complied with all conditions precedent to coverage under the insurance policy issued by Defendant to Plaintiff.

23.     The policy issued by Defendant constitutes a contract for Underinsured Motorist Coverage.

24.     Plaintiff has performed all obligations imposed upon her by the policy of insurance.

25.     Plaintiff has made a demand for receipt of Underinsured Motorist Benefits to Defendant under the above-named insurance policy.

26.     Defendant has failed to adequately and properly respond to Plaintiff's demand.

27.    Because of Defendant's actions, as detailed above, and other misconduct that may be revealed in discovery, Defendant has breached the terms of a contract of insurance by failing to fulfill its duties as set forth in the policy.

28.    As a direct and proximate result of Defendant's breach of contract of insurance, Plaintiff, as a foreseeable consequence, has been substantially damaged, has been forced to incur expenses, and costs.

29.    All damages to Plaintiff are in the past, present, and future whether so specifically delineated in each paragraph or not.

30.    Plaintiff, at all relative times, is/was not liable for comparative-contributory negligence and she has reasonably mitigated her damages.

31.    To the extent that Plaintiff has failed to comply with any of the contractual obligations, Defendant has not been prejudiced by the failure to comply.

32.    To the extent that Plaintiff has failed to comply with any of the contractual obligations, Defendant may not rely on this failure to comply because it breached one or more material obligations under the policy prior to any alleged failure to comply of Plaintiff.

33.    At all times relevant to this action, Defendant owed to Plaintiff the implied duty of good faith and fair dealing in the insurance contract.

34.    Defendant has breached its contract with Plaintiff by failing to fairly consider the underinsured motorist benefits under the policy.

35.    As a direct and approximate result of Defendant's breach of contract, Plaintiff has incurred damages in the amount to be proven at the time of trial.

36.    Plaintiff, at all relative times, is/was not liable for comparative-contributory negligence and she has reasonably mitigated her damages.

WHEREFORE, Plaintiff prays for the relief set forth below.

## SECOND CLAIM FOR RELIEF
### (Bad Faith Breach of the Covenant of Good Faith)

37.    Plaintiff incorporates paragraphs 1 through 36 above as though fully set forth herein.

38.    By virtue of the insurance policy issued to Plaintiff at the time of the automobile collision, Defendant owed and owes to Plaintiff a duty of good faith and fair dealing in fulfilling its duties to Plaintiff.

4

39.     Defendant's duties to Plaintiff include, among other things, the responsibility to give priority to Plaintiff's interests over its own, and to protect Plaintiff's economic interests and peace of mind.

40.     By intentionally and willfully and/or without any substantial justification failing and refusing to pay Plaintiff's claim in a timely manner despite the validity thereof, Defendant has breached its good faith obligation of fair dealing with Plaintiff, and has committed the tort of Bad Faith Breach of Insurance Contract, acting without a reasonable basis in law or fact.

41.     As a provider of insurance services to the public, Defendant at all times had a duty to be actuated by good faith and fair dealing in everything pertaining thereto, abstain from deceptive or misleading practices and keep, observe, and practice the principles of law and equity in all matters pertaining to the business of insurance.

42.     Under Colorado law, every insurance contract contains an implied covenant of good faith and fair dealing and imposes on insurers a duty to act in good faith with their insureds. Pursuant to its implied duty of good faith and fair dealing, Defendant owed to Plaintiff an obligation to treat Plaintiff's interests with equal consideration to their own interests.

43.     Defendant has breached its duty of good faith and fair dealing owed to Plaintiff, including but not limited to:

    a. Failing to give equal consideration to the interest of Plaintiff, its insured;

    b. When investigating Plaintiff's claims, failing to diligently search for evidence that supported their insured's (Plaintiff's) claims;

    c. Seeking to discover only evidence that defeated their insured's (Plaintiff's) claims;

    d. Unreasonably delaying and/or withholding benefits under the insurance policy without a reasonable basis for delaying and/or withholding benefits, with knowledge or reckless disregard of a lack or reasonable basis for delaying and/or withholding benefits;

    e. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurance policy;

    f. Refusing to pay claims without conducting a reasonable investigation based upon all available information;

    g. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims after its liability has become reasonably clear;

h. Compelling Plaintiff to institute litigation to recover amounts due under the insurance policy by offering substantially less than the amounts Plaintiff is entitled to recover;

i. Forcing Plaintiff into the costly and lengthy process of litigation;

j. Any further acts which may be discovered.

44. Defendant's aforesaid conduct was unreasonable and Defendant either knew such conduct was unreasonable or recklessly disregarded the fact that the conduct was unreasonable.

45. As a direct and approximate result of Defendant's breach of its duty of good faith and fair dealing, Plaintiff has sustained injuries, damages and losses in the amount to be proved at trial.

46. Plaintiff, at all relative times, is/was not liable for comparative-contributory negligence and she has reasonably mitigated her damages.

WHEREFORE, Plaintiff prays for the relief set forth below.

### THIRD CLAIM FOR RELIEF
**(Violation of §10-3-1115, and §10-3-1116 C.R.S.A.)**

47. Plaintiff incorporates paragraphs 1 through 46 above as though fully set forth herein.

48. The purpose of the Uninsured/Underinsured Motorist Statute, C.R.S. §10-4-609, *et seq.*, is to enable an insured to obtain compensation from his/her automobile liability or motor-vehicle liability insurer for a loss resulting from negligent conduct of an uninsured or underinsured motorist that is equal to the compensation obtainable for the negligent conduct of a properly insured motorist.

49. Insurance carriers owe their insureds a duty of good faith and fair dealing, are required to abstain from deceptive or misleading practices, and must keep, observe and practice the principles of law and equity in all dealings with their insureds. See C.R.S. §§10-1-101, 10-3-1113.

50. Colorado statutes identify unfair methods of competition and unfair or deceptive acts or practices in the business of insurance, including, but not limited to the following:

a. Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issues (C.R.S. §10-3-1104(h)(I)).

6

b.  Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policy (C.R.S. §10-3-1104(h)(III)).

c.  Refusing to pay claims without conducting a reasonable investigation based upon all available information (C.R.S. §10-3-1104(h)(IV)).

d.  Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear (C.R.S. §10-3-1104(h)(VI)).

e.  Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds (C.R.S. §10-3-1104(h)(VII)).

f.  Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement (C.R.S. §10-3-1104(h)(XIV)).

51.    Additionally, Colorado law prohibits an insurance carrier from unreasonably delaying or denying payment of a claim for benefits owed to or on behalf of any first-party claimant (C.R.S. §10-3-1115(1)(a)), including a first-party claimant of uninsured and/or underinsured motorist insurance benefits.

52.    Pursuant to Colorado Law, specifically Colorado Revised Statutes §10-3-1115 and §10-3-1116, where an insurer acts on a first party claim with delay or denial, the insured has an additional civil action for statutory bad faith against the insurer. Pursuant to these statutes, the insured is thus further entitled to recover attorney's fees, court costs, statutory interest, the covered benefit and double the times the amount of each of the covered benefit as a monetary penalty in a Colorado District Court action.  Defendant is responsible pursuant to C.R.S. §§10-3-1115 and 1116 for its failure to timely pay and is responsible under said statutes as its failure to pay the undisputed uninsured motorist portion.

53.    Plaintiff's Underinsured Motorist Bodily Injury coverage benefit is $100,000.00. Therefore, there is a potential for recovery of twice the covered benefit's amount plus the actual benefit amount, or $300,000.00 for the Underinsured Motorist Bodily Injury, plus attorney's fees, court costs and statutory interest.

54.    Plaintiff, at all relative times, is/was not liable for comparative-contributory negligence and she has reasonably mitigated her damages.

WHEREFORE, Plaintiff prays for the relief set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant, as follows:

7

a.  Pursuant to C.R.S. §10-3-1115, Plaintiff is entitled to bring this action and seek the relief requested;

b.  Pursuant to C.R.S. §10-3-1116, Plaintiff is entitled to bring this action and to also recover reasonable attorney fees, court costs, plus two times the amount of each first party covered benefit; and

c.  For actual damages, attorneys' fees, pre and post judgment interest on all claims pursuant to the Colorado Revised Statutes, costs, expert witness fees, statutory interest and such other and further relief which this Court deems to be just, fitting and proper.

Respectfully submitted this _28_ day of February, 2023.

LEVINE LAW, LLC

Signed original document maintained and available pursuant to Rule 121

/s/ Andrew J. Phillips, Esq.
_____
Jordan S. Levine, No. 23877
Andrew J. Phillips, No. 40283
Sarah G. Freedman, No. 48352
Elizabeth R. Fisher, No. 51093
*Attorneys for Plaintiff*

**Plaintiff's Address**:
5563 Raritan Way
Denver, CO 80221

8